UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STERLING SAMM,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF ALAMEDA, et al.,<br><br>    Respondents. | Case No. 22-cv-02434-TLT<br><br>**ORDER OF DISMISSAL** |

    Petitioner is a state prisoner at California Men's Colony proceeding without counsel in this action seeking a "writ of mandate" pursuant to the All Writs Act, 28 U.S.C. § 1651, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). He has paid the filing fee.

    Petitioner states he filed a "counter-claim to a wrongful criminal conviction," *see* Dkt. No. 1 at 32, in an "Adjudicator Court, a Private Administrative Court of Record and Alternative Dispute Resolution (ADR) Service, located at P.O. Box 91172, Pasadena, CA," *id.* at 20, and he asks this Court to enforce the default judgment as well as a money judgment in the amount of ten million dollars which he states the Adjudicator Court issued in his favor. *Id.* at 38-39.

    Petitioner also asks this Court to enter a writ of mandate ordering the Superior Court of Alameda County to vacate an order setting aside the entry of default against Defendants, the State of California, and Kyle Hasapes in Petitioner's state-court suit against them, and ordering the Superior Court of Alameda County to refund to Petitioner $401.00. He alleges that the state court denied him due process and equal protection by refusing to allow him to appear by telephone for a hearing on his motion to reconsider the state court's order setting aside default. *Id.* at 5.

Petitioner appears to have sought to register a judgment from the Yolo County Superior Court in the Alameda County Superior Court. The Yolo County case may have been a habeas petition, raising claims of ineffective assistance of counsel and actual innocence, in which Petitioner sought to obtain evidence pursuant to California Penal Code § 1054.9. *See* dkt. No. 1 at 11. Petitioner also suggests that he is subjected to unlawful confinement. *Id.* at 15.

This Court does not have the jurisdiction to order the relief Petitioner seeks. "[T]he All Writs Act" does not "'operate to confer jurisdiction . . . since it may be invoked by the district court only in aid of jurisdiction which it already has'." *Benson v. State Bd. of Parole & Prob.*, 384 F.2d 238, 239–40 (9th Cir. 1967) (quoting *Stafford v. Superior Ct. of Cal., In & For Los Angeles Cnty.*, 272 F.2d 407, 409 (9th Cir. 1959)). Under the All Writs Act, "a court's power to issue any form of relief—extraordinary or otherwise—is contingent on that court's subject-matter jurisdiction over the case or controversy." *United States v. Denedo*, 556 U.S. 904, 911 (2009). To the extent Petitioner seeks to overturn his criminal conviction in state court, he can only do so through habeas corpus pursuant to 22 United States Code § 2254. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L. Ed. 2d 439 (1973). Habeas is the "exclusive vehicle" for any claim that Petitioner seeks to bring "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

In addition, a petition for a writ of federal mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see also In re Campbell*, 264 F.3d 730, 731-32 (7th Cir. 2001) (denying petition for writ of mandamus that would order state trial court to give petitioner access to certain trial transcripts which he sought in preparation for filing state post-conviction petition). Petitioner cannot obtain a federal writ of mandamus compelling the Superior Court of Alameda County or any other state court to take action or refrain from taking action.

Petitioner's action is therefore DISMISSED.

1   The Clerk shall enter judgment and close the file.

2   **IT IS SO ORDERED.**

3   Dated: September 30, 2022

                                                                              _____
                                                                              TRINA L. THOMPSON
                                                                              United States District Judge